# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THOMAS ABBOTT, individually,

    Plaintiff,

v.

BRIAN WILLIAMS, WARDEN SOUTHERN DESERT CORRECTIONAL CENTER; STATE OF NEVADA; DOES 1-10 inclusive; ROE CORPORATIONS 1-10, inclusive,

    Defendants.

Case No. 2:08-cv-00065-LDG-RJJ

**ORDER**

    Defendants BRIAN WILLIAMS and STATE OF NEVADA (hereinafter, "Defendants"), by and through their legal counsel, Nevada Attorney General CATHERINE CORTEZ MASTO, and Deputy Attorney General, RONA-KAYE TUITELE, submitted a MOTION FOR SUMMARY JUDGMENT (#29), based upon Fed. R. Civ. P. 56. The Court will grant the Defendants' Motion for summary judgment.

    <u>Background</u>

    Thomas Abbott was an inmate in custody of the Nevada Department of Corrections (NDOC). (CD #15 at 2). Abbott was incarcerated at Southern Desert Correctional Center (SDCC) prior to his release from NDOC custody on or about July 23, 2007. (CD #9 at 2). The essence of Abbott's complaint is that Williams incorrectly calculated his release date. As a result, Abbott remained in custody, wrongfully, for about one month past the date on which he should have been released from confinement.

Brian Williams, at all times pertinent, served as Warden of SDCC. (CD 31-2). The Court dismissed Abbott's first claim for relief against the Defendants, brought pursuant to 42 U.S.C. §1983, to the extent that Abbott sought monetary damages against Williams in his official capacity. (CD #15 at 3). The Court also ordered Abbott to file an amended complaint to properly name the State of Nevada, which he did on September 14, 2008. (CD #14 at 5).

Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(C); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(C) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id*. Conversely, when the burden

of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

§1983 Claim

The Court previously dismissed Abbott's §1983 claims to the extent that he sought monetary damages against Williams for actions that Williams took in his official capacity. (CD #15 at 3). Neither the state nor Williams, in his official capacity, are persons that can be sued for monetary damages under §1983. *See*, *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Further, Abbott has not sought prospective relief against either the state or Williams. Accordingly, to the extent that the amended complaint re-alleges a §1983 claim against Williams in his official capacity, and alleges a §1983 claim against the state, summary judgment is required.

Regarding Abbott's §1983 claim against Williams in his individual capacity, Williams argues that he is entitled to qualified immunity. Under the qualified immunity analysis, the court must engage in a two-prong analysis. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). First, the court must inquire as to whether the facts alleged show that a defendant's conduct violated a constitutional right. *Id*. Second, the court must determine whether or not the alleged constitutional right was clearly established at the time of the incident. *Id*.

For purposes of this motion only, the court assumes that Abbott's allegation that he was detained past his release date would violate a constitutional right. Williams argues that he is entitled to qualified immunity because Abbott cannot show that Williams engaged in the conduct that

violated that right. In support of his motion, Williams submitted evidence that the Offender Management Division (hereinafter "OMD") of the Nevada Department of Corrections, not the Southern Desert Correctional Center (hereinafter "SDCC"), is responsible for determining the release date of inmates. Once the OMD determines the release date of an inmate confined at SDCC, it sends a directive to the prison regarding the inmate. Williams then takes those directives and fulfills them through implementation.

In opposition to the motion, Abbott has not offered any evidence that would create a genuine triable issue that Williams engaged in conduct that violated Abbott's constitutional right of not being detained longer than the release date. Abbott failed to rebut evidence provided by Williams showing that the OMD was not under the supervision or control of Williams. Abbott also failed to show that Williams' conduct, in his individual capacity, was anything other than appropriate. Therefore, the Court grants the Defendants' Motion for Summary Judgment as to Plaintiff's §1983 claims.

<u>Negligent Supervision</u>

In order for the Plaintiff to prove a claim of negligent supervision, Plaintiff must demonstrate that a defendant 1) owed Plaintiff a duty of care, 2) breached the duty of care, 3) that the breach of the duty was the legal cause of Plaintiff's injuries, and 4) that Plaintiff suffered damages. *Scialabba v. Brandies Construction Co.*, 112 Nev. 965 (1996), see also (*Butler ex. Rel. Biller v. Bayer*, 123 Nev. 450 (2007)). When the claim is based upon negligent supervision, the duty of an employer is the duty of reasonable care in hiring, supervision, and retention of its employees to ensure employee fitness for their position. *Blanck v. Hager*, 360 F.Supp.2d 1137, 1157 (D.Nev. 2005) (citing *Hall v. SSF, Inc.*, 112 Nev. 1384 (1996)). Williams provided evidence that the OMD is responsible for the calculation of inmate release dates and not the employees of the SDCC. Williams showed that he and his staff take the directives given to him by the OMD and execute them. Williams showed that he is not in a supervisory capacity to the OMD, and therefore would have no duty of reasonable care in the hiring, supervision, or retention of those employees. Abbott failed to provide evidence that Williams was negligent in the supervision of those employees over whom Williams was a

4

supervisor, and did not rebut the evidence that Williams was not a supervisor or responsible for the employees of the OMD.  Thus, as relevant to the allegations of the complaint, the Court finds that Williams did not owe a duty to Abbott other than to execute the release date directive that OMD sent to SDCC.  The Court further recognizes that Defendant Williams exercised his duty of reasonable care in the circumstances alleged.

In moving for summary judgment, the Defendants assumed that Abbott's second claim for negligent supervision was against Williams.  As such, the Defendants offered only arguments regarding whether Williams was entitled to summary judgment.  The Defendants' assumption is understandable.  Abbott's second claim of the complaint is against a defendant (in the singular). Each allegation of the second claim alleges conduct of a defendant (in the singular).  The second claim does not, however, specifically identify whether the singular defendant is Williams or the State of Nevada.  While the Defendants' assumption is understandable, as pertains to the second claim for relief, the motion as argued is limited to seeking summary judgment on behalf of Williams.  Stated otherwise, the Court can grant the Defendants' Motion for Summary Judgment only to the extent that second claim for relief is alleged against Williams.  The court has not decided whether Abbott may maintain his second claim for relief as against the State of Nevada.

Therefore for good cause shown,

THE COURT **ORDERS** that Defendants' Motion for Summary Judgment (#29) is GRANTED as follows: Plaintiff's First Claim for Relief is DISMISSED and Plaintiff's Second Claim for Relief is DISMISSED as to Defendant Brian Williams.

DATED this 9 day of July, 2010.

_____
Lloyd D. George
United States District Judge