# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THOMAS ABBOTT,

    Plaintiff,

v.

BRIAN WILLIAMS, WARDEN, *et al*.,

    Defendants.

Case No. 2:08-cv-00065-LDG (RJJ)

**ORDER**

    Defendant State of Nevada *ex rel.* Nevada Department of Corrections moves to dismiss (#37) the sole arguably remaining state law claim of negligent supervision. Nevada argues, in part, that the Court must dismiss the claim because plaintiff Thomas Abbott failed to exhaust his administrative remedies. Abbot opposes (#38). The Court will grant the motion.

    Broadly construed in Abbott's favor, his tort claim for negligent supervision against Nevada rests upon his allegations that Nevada is responsible for supervising its agents, Nevada knew or should have known the correct manner to calculate an inmate's custody time, Nevada failed to properly supervise its agents who calculated Abbott's custody time, that the calculation of Abbott's custody time resulted in his release from confinement on July 23, 2007, but that he should have been released in mid-June 2007.

In Nevada, a prisoner or former prisoner must exhaust his administrative remedies provided by NRS §209.243 before proceeding with an action against the Nevada Department of Corrections to recover compensation for any claim arising out of a tort. NRS §41.0322(1). The Court is required to dismiss an action if the prisoner or former prisoner did not timely file his administrative claim pursuant to §209.243. NRS §41.0332(3). Section 209.243 requires that a prisoner or former prisoner file his administrative claim within six months from the date of the alleged loss, damage, or injury.

Nevada has established, and Abbott does not dispute, that he did not file any administrative claim pursuant to §209.243 and thus did not file such claim within six months of his release on July 23, 2007.

Abbott contends, however, that pursuant to Administrative Regulation 740, which implements Nevada's Inmate Grievance Procedure, that grievance procedure does not apply to his specific type of claim. Specifically, Abbott relies on Ad. Reg. 740(1.2.2) which provides that only inmate claims arising out of or relating to issues within the authority and control of the Department of Corrections may be submitted for review and resolution. The regulation then specifically identifies "State, federal and local laws and regulations" as non-grievable issues. Abbott concludes that, as this provision excludes any determination, examination, or interpretation of state law, and as his claim involves an interpretation of state law, he could not administratively exhaust his claim pursuant to §209.243.

Abbott's argument fails for numerous reasons, and is not well-taken as it borders on the frivolous. First, Administrative Regulation 740(1.2.2) does not exclude any claim that requires the examination, determination, or interpretation of state law. Rather, the provision establishes that state law is a non-grievable issue. Second, though Abbott briefly suggests that his claim involves an "interpretation of state law" that cannot be grieved, he neither cites to any allegation within his complaint and does not offer any argument identifying the state law underlying his claim that he suggests would require a non-

1  grievable "interpretation."  Third, the most liberal construction of Abbott's complaint permits
2  only an inference that he is grieving the calculation of his release date, or the failure to
3  award him time credits for labor.  Indeed, in his own opposition, Abbott argues that "the
4  failure of the NDOC to give him the time credits for his labor is the basis for this litigation
5  and the reason [he] was not timely released.  As noted above, Abbott provides no
6  argument, explanation, or suggestion how this claim is non-grievable (other than his
7  unsupported assertion that it is).
8      Accordingly,
9      THE COURT **ORDERS** that Defendant's Motion to Dismiss (#37) is GRANTED;
10 Plaintiff's Amended Complaint is DISMISSED with prejudice.

DATED this __12__ day of April, 2011.

_____
Lloyd D. George
United States District Judge

3